IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTINE R. JOHNSON,

    Plaintiff,

v.

TRANSUNION LLC,

    Defendant.

Case No. 1:19-cv-02017

## COMPLAINT

NOW COMES Plaintiff, CHRISTINE R. JOHNSON, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, TRANSUNION LLC, as follows:

## NATURE OF THE ACTION

1. This action seeks damages for Defendant's willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. CHRISTINE R. JOHNSON ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6. TRANSUNION LLC ("TransUnion") operates as a credit reporting agency that provides data/insights and information to help consumers and businesses make informed decisions. The company provides customer credit reporting, portfolio management, marketing and audience

1

segmentation, healthcare revenue cycle management, customer acquisition, investigations and collections, fraud detection and prevention, identity verification and authentication, customer analytics and consulting, data breach, and customer engagement solutions. Its products include AdSurety to increase clients' reach and find more of their audience online; ClearIQ to predict patients' financial behavior at point of sale for efficient revenue-cycle management; CreditView Dashboard to provide credit education to clients' customers; CreditVision Suite to gain a complete view of consumers and their credit histories; DecisionEdge to turn insights into targeted and actionable decisions; eScan to find hidden coverage to reduce uncompensated care, charity care, and bad debt with insurance coverage discovery; IDVision, a suite of solutions that enables clients to make accurate decisions; Prama Suite, a transformational analytics environment; Quote Exchange to buy and sell real-time online quotes for precise segmentation and decisioning; Risk Verification Platform to identify potential rate evasion before it impacts clients' book; and TLOxp, an investigative risk-management tool to get a 360° view of people and businesses. The company partners with banks, healthcare providers, property managers, and other appropriate companies; and serves auto lending, collections, fintech, government, healthcare, insurance, mortgage, property management, and retail/e-Commerce industries, as well as capital markets and financial institutions. The company was incorporated in 1999 and is based in Chicago, Illinois. TransUnion LLC operates as a subsidiary of TransUnion Intermediate Holdings, Inc.

7. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

8. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## **GENERAL ALLEGATIONS**

9. The FCRA expressly requires CRAs, upon request by consumers to identify each person or entity (i.e., user) that procured a consumer report on that individual, for employment purposes, during the 2-year period preceding the date on which the request was made, and for any other purpose, during the 1-year period preceding the date on which the request was made. 15 U.S.C. § 1681g(a)(3)(A)(i)-(ii).

10. An "inquiry" is a factual record of when a consumer's credit file was accessed by a user and the user received information about a particular consumer.

11. To document the inquiry, TransUnion enters a notation on the individual consumer's credit file showing the name of the company and date the user obtained a copy of the individual's credit consumer report.

12. Because inquiries are generated internally by each CRA to reflect which users accessed a particular consumer's information, inquiries are unique to each CRA.

13. Inquiries take two forms: hard and soft.

14. A "hard" inquiry indicates that a user accessed the consumer's report for the purpose of making a credit decision.

15. Such access is normally initiated in response to a consumer seeking credit, such as a mortgage, credit card, auto loan, or personal finance loan.

16. By contrast, "soft" inquiries generally indicate that a consumer's report was accessed for reasons other than a transaction initiated by a consumer, such as account reviews or prescreened transactions.

17. Both hard and soft inquiries are included on the consumer records provided to consumers in response to their requests for a copy of their credit file.

18. However, only hard inquiries are included in the reports that CRAs, including TransUnion, sell or provide to third party users.

19. One reason TransUnion includes hard inquiries in the reports it provides to third parties is to let potential creditors know where the consumer has sought credit, when, and with whom.

20. Hard inquiries are generally considered in credit score development and are often a factor in a consumer's credit score, but soft inquiries are not.

## FACTUAL ALLEGATIONS

21. On or before April 19, 2017, Plaintiff learned she was victim of identity theft.

22. Plaintiff informed Target card services that on March 27, 2017, an unknown offender gained access to Plaintiff's personal information and applied for and obtained a Target REDcard™ with Plaintiff's personal information.

23. Immediately, Plaintiff stopped receiving Target REDcard™ billing statements.

24. However, on November 6, 2018, Plaintiff, discovered TD Bank USA/Target Credit's tradeline on her credit report.

25. On December 15, 2018, Plaintiff filed a police report with Tinley Park Police Department concerning her allegations.

26. On December 18, 2018, Plaintiff mailed a credit dispute letter to TransUnion requesting that TransUnion delete/remove TD Bank USA/Target Credit's tradeline.

27. Plaintiff informed TransUnion her identity was stolen and provided a copy of the police report.

28. On information and belief, TransUnion received and promptly contacted TD Bank of this dispute by sending an automated consumer dispute verification form ("ACDV").

29. On December 26, 2018, TransUnion mailed Plaintiff dispute results.

30. Plaintiff's dispute results indicated:

> **INVESTIGATION RESULTS - DELETED:** The disputed item(s) was removed from your credit report.
>
> **TD BANK USA/TARGET CREDI** #585975210916**** ( NCD-0450, PO BOX 1470, MINNEAPOLIS, MN 55440, Phone number not available )
> In response to your dispute, this item was **DELETED** from your credit report.

31. Thereafter, Plaintiff discovered inquiries from TD Bank USA/Target Credit from March 27, 2017.

32. On February 21, 2019, Plaintiff mailed a credit dispute letter to TransUnion requesting that TransUnion delete/remove TD Bank USA/Target Credit's inquiry.

33. On March 4, 2019, TransUnion mailed Plaintiff dispute results.

34. Plaintiff's dispute results indicated:

"After reviewing your dispute request, we found the information you disputed does not currently appear on your TransUnion credit report. It's possible the information was updated before we reviewed your report or it was reported by one of the other credit reporting companies."

35. On March 13, 2019, Plaintiff procured her 3-in-1 credit report, TD Bank USA/Target Credit's inquiry remained.

## DAMAGES

36. Defendants' manifestly inaccurate reporting continues to portray an untruthful and damaging depiction of Plaintiff.

37. Continued inaccurate reporting of this disputed inquiry misrepresents Plaintiff's credit history regarding the number of times, and with whom, Plaintiff has sought credit.

38. This entire experience has imposed distrust, distress, as well as frustration on Plaintiff.

39. This entire experience has resulted in expenditure of time, mental anguish, and out-of-pocket expense of procuring 3-in-1 credit report to monitor credit.

40. Undeniably, Plaintiff appears helpless to regain control of her credit standing and creditworthiness and has been denied an opportunity to take advantage of credit opportunities.

41. Further, Plaintiff continues to be deprived of an opportunity to take advantage of credit opportunities.

42. Specifically, Plaintiff's recent vehicle search resulted in an excessively high interest rate (21%) offered that Plaintiff refused.

## CLAIMS FOR RELIEF

### Count I:
### TransUnion's violation(s) of 15 U.S.C. § 1681 *et seq.*

43. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a.** **TransUnion's failure to follow reasonable procedures**

44. Section 1681e(b) requires credit reporting agencies such as TransUnion to maintain "reasonable" procedures to ensure "maximum possible accuracy" of consumer credit reports.

45. TransUnion violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

46. Upon information and belief, on multiple and numerous occasions, TransUnion prepared patently inaccurate consumer reports concerning Plaintiff.

47. Upon information and belief, TransUnion furnished such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

**B.** **TransUnion's failure to conduct a reasonable investigation**

48. Section 1681(a)(1)(A) requires a credit reporting agency to, upon notice of a dispute from an individual regarding the information in their credit report, conduct a "reasonable reinvestigation" to determine whether the disputed information is inaccurate, and either record the current status of the disputed information, or delete it from the consumer's file.

49. TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which TransUnion received Plaintiff's dispute letter(s).

50. TransUnion violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of the disputed inquiry to TD Bank before the expiration of the 5-business-day period beginning on the date on which TransUnion received Plaintiff's dispute letter(s). Specifically, TransUnion failed to forward relevant information from Plaintiff indicating identity theft.

51. TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider relevant information submitted by Plaintiff.

52. TransUnion violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete TD Bank USA/Target Credit's inquiry from the file of Plaintiff.

53. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)    such amount of punitive damages as the court may allow; and

(1) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

54. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

54. TransUnion's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find TransUnion in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4) and 1681i(a)(5)(A)(i).

B. award any actual damages to Plaintiff as a result of TransUnion's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: March 24, 2019　　　　　　　　　　　　　　Respectfully submitted,

**CHRISTINE R. JOHNSON**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com